Filed
D.C. Superior Court
10/05/2020 12:22PM
Clerk of the Court

## THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TRACY McDANIEL
401 McCabe Avenue
Wilmington, DE 19802
    Plaintiff,

Versus

CIVIL ACTION NO. **2020 CA 004265 B**

NATIONAL RAILROAD PASSENGER
CORPORATION, a corporation,
900 2nd Street NE
Washington, DC  20002,
    Defendant.

## COMPLAINT

### NATURE OF THE ACTION

1. This action is brought pursuant to common law general negligence.

### JURISDICTION AND VENUE

2. This Court has jurisdiction and venue of this matter pursuant to D.C. Code Sec. 11-921.

### THE PARTIES

3. Plaintiff Tracy McDaniel is a resident of the State of Delaware.

4. Defendant National Railroad Passenger Corporation (hereinafter referred to as "Amtrak") is a corporation and rail carrier pursuant to 49 U.S.C. §§24301 and 10102, and is qualified to do and doing business in the District of Columbia. Amtrak's principal office and place of business is in the District of Columbia.

### THE CLAIMS

5. On or about November 7, 2019, Plaintiff Tracy McDaniel went to Wilmington

1


EXHIBIT 1

Station in Wilmington, Delaware, and waited to board Amtrak Train 129, intending to travel to New Carrollton, Maryland. At approximately 6:40 p.m., Plaintiff attempted to board the train, but upon stepping onto the metal plate which led from the platform into the vestibule of the train car, Plaintiff suddenly and without warning slipped and violently fell, her right leg falling completely into the gap between the train and the platform.

6. As a result of the incident, Plaintiff has suffered severe injuries to her right knee and right leg, *inter alia*, for which she has undergone substantial medical evaluation and treatment.

7. Plaintiff's accident, injuries, and related damages as herein-described resulted from breaches of the duties owed by Defendant to Plaintiff under general common law, by way of the following non-exclusive list of particulars, to wit:

    a. In that Defendant Amtrak failed to warn Plaintiff of the dangerous gap that lay between the train and the platform, despite the fact that Amtrak knew of its existence;

    b. In that Defendant Amtrak failed to warn Plaintiff of the dangerous condition of the metal plate entering the train, despite actual knowledge of its dangerous condition;

    c. In that Defendant Amtrak failed to operate its train so as to avoid causing the dangerous condition of the plate to exist;

    d. In that Defendant Amtrak failed to promulgate and/or implement reasonable policies and procedures so as to prevent either the gap between the train and platform or the condition of the plate from presenting a danger to Plaintiff;

    e. In that Defendant Amtrak failed to comply with governmental and/or other

2

applicable safety regulations and/or guidelines for the care of its passengers;

f. In that Defendant Amtrak failed to provide a plate or bridge from the platform to the train that had been treated with slip/skid resistant material that would repel moisture instead of the slippery smooth surface that allowed pooling of moisture creating a hazardous and dangerous slippery condition;

g. In that Defendant Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances; and

h. Any and all other acts and/or omissions of negligence that will be shown at the trial of this matter.

8. The aforelisted acts of negligence were committed by employees, agents, and/or representatives of Defendant Amtrak, while acting in the course and scope of their employment, thereby rendering Defendant Amtrak vicariously liable under the theory of *respondeat superior*.

9. Additionally, Defendant Amtrak breached the heightened duty of care it owed to Plaintiff, its passenger, as a common carrier.

## DAMAGES

10. As a result of the aforesaid events, Plaintiff sustained serious and permanent physical injuries, and has suffered, and will continue to suffer in the future great physical pain and mental/psychological anguish. Plaintiff has incurred, and will in the future, incur substantial expenses for medical and related treatment.

11. Plaintiff Tracy McDaniel demands full recovery for all sums reasonable in the premises for the following items:

   a. Physical pain, and suffering and disability, past and future;

   b. Mental/psychological anguish, past and future;

3

c. Medical expenses, past and future;

d. Loss of earning capacity, past and present; and

e. Loss of enjoyment of life.

**WHEREFORE**, Plaintiff Tracy McDaniel demands judgment against Defendant National Railroad Passenger Corporation in the amount of One Million Dollars ($1,000,000.00), plus costs and interest from the date of judgment until paid, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ C. Perrin Rome, III
ROME, ARATA, BAXLEY & STELLY, L.L.C.
C. Perrin Rome, III (D.C. Bar No. 495062)
Blake G. Arata
Jason C. MacFetters
650 Poydras Street, Suite 2017
New Orleans, Louisiana 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
Email: prome@romearata.com

AND

**THE WEISBAUM LAW FIRM, LLC**

/s/ Steven M. Weisbaum
STEVEN M. WEISBAUM, Bar No. 436653
51 Monroe Place, Suite 1901
Rockville, MD 20850-2406
Telephone: (301) 279-0977
Facsimile: (301) 340-7956
Email: sweisbaum@mac.com

*Attorneys for Plaintiff,*
*TRACY McDANIEL*

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues herein.

/s/ Steven M. Weisbaum
STEVEN M. WEISBAUM